IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE E. HICKS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-465-E-BK |
| | § | |
| PROGRESSIVE LEASING LLC, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On February 27, 2024, Plaintiff Lawrence E. Hicks filed a complaint against Defendant Progressive Leasing LLC alleging breach of contract. Doc. 3 at 1. At minimum, the complaint is inartfully pled. Hicks asserts that he "entered into a consumer credit transaction" with Defendant that involved an eight-month lease agreement. Doc. 3 at 1. He states that he tendered "a Negotiable Instrument" but Defendant "refused to carry out Fiduciary Duties" and "Accord and Satisfaction per Performance." Doc. 3 at 1 (errors in original). Because Defendant allegedly breached the contract, Hicks requests "to have all payments reverted to him" and "Special Performance of the Contract" or restitution of over $61,000,000. Doc. 3 at 2.

In the *Civil Cover Sheet*, Hicks checks the boxes for (1) federal question jurisdiction and (2) "Other Contract" for the nature of suit. Doc. 3 at 3. He describes his cause of action as involving "FEDERAL RESERVE ACT SECTION 29(a), (b), (c)  BREACH OF CONTRACT, TRUTH IN LENDING ACT, CONSUMER RIGHTS TO CREDIT" and "NON-PERFORMANCE, UNSOUND PRACTICES, PATTERN OF MISCONDUCT." Doc. 3 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the

---

[1] Because jurisdiction is lacking, the deficiencies in the complaint and motion to proceed *in forma pauperis* and Plaintiff's failure to comply with the Court's filing requirements are not addressed.

burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Hicks has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).  Hick's complaint, however, contains no factual allegations that support federal question jurisdiction.  As noted, the complaint alleges state law claims of breach of contract.  Hicks only mentions the Federal Reserve Act, the Truth in Lending Act, and consumer rights.  But the mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction.  Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ."  *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, Hick's avers Defendant is a business entity registered to do business in Dallas County, Texas, and proffers no facts to establish Defendant is a citizen of a different state. Thus, based on Hick's own assertions, subject-matter jurisdiction on the basis of diversity is non-

existent. Doc. 3 at 1; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the operative complaint does not present an adequate basis for federal question jurisdiction, and Hicks cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Hicks complaint demonstrate a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. Thus, granting leave to amend would be futile and cause needless delay. That notwithstanding, the 14-day statutory objection period will permit Hick to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

### IV. CONCLUSION

Hicks' complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject

matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).